United States District Court
Southern District of Texas
FILED

MAR - 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE COMPANY | §<br>§<br>§ | CIVIL CASE NO. **B-04-041** |
| VS. | §<br>§ | |
| ROSALINDA RINEHART | §<br>§ | |

### PLAINTIFF'S ORIGINAL COMPLAINT
### FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

1.  Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm"), respectfully requests the Court to interpret the liability coverage provided by an auto policy. Further, State Farm respectfully requests this Court to declare that there is no coverage provided in connection with a theft loss claim currently being made by Defendant, Rosalinda Rinehart ("Rinehart") against Plaintiff. In support of this complaint, State Farm shows:

### PARTIES AND SERVICE OF PROCESS

2.  State Farm is an insurance company duly organized and existing under the laws of the State of Illinois and authorized to issue automobile insurance policies in the State of Texas. State Farm's principal place of business is in Bloomington, Illinois.

3.  Defendant Rosalinda Rinehart is an individual who resides in Brownsville, Cameron County, Texas and may be served with process at her residence at 435 McDavitt Blvd., Brownsville, Texas, 78521. Service by Cameron County Sheriff is requested at this time.

1

## VENUE AND JURISDICTION

4. Pursuant to 28 U.S.C. Section 1332, jurisdiction is proper in this Court due to complete diversity of citizenship between State Farm and Rinehart. Specifically, State Farm is an entity incorporated in the State of Illinois and Rinehart is a resident of Texas. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest of costs. Furthermore, venue is proper in the Southern District of Texas, Brownsville Division, because Rinehart resides in Cameron County, which is within the Brownsville Division of the Southern District of Texas.

## FACTUAL BACKGROUND

5. State Farm issued an automobile insurance policy to Rinehart, policy number R306-915-53T. This policy is a standard Texas policy.

6. Rinehart is currently making a claim for the theft of a 2003 Chevrolet Tahoe Sports Utility vehicle, VIN number 1GNEK123Z43R161233. Defendant has currently made a claim against State Farm for the theft of this vehicle, which theft occurred in Mexico. The policy provides: "The coverages for your covered auto provided by this policy are extended to accidents occurring in Mexico within 25 miles of the United States border. This extension only applies for infrequent trips into Mexico that do not exceed ten days at any one time." Thus, the policy excludes coverage for losses occurring in Mexico involving vehicles making frequent trips to Mexico.

## REQUEST FOR DECLARATORY RELIEF

7. Under the policy in question, State Farm is not obligated to provide coverage, nor defense or indemnity for matters falling outside of the policy's liability coverage. The policy's insuring agreement contains an express exclusion for vehicles making frequent trips to Mexico. State Farm contends and will prove that the vehicle made the basis of the Defendant's claim made frequent trips

into Mexico from the time it was acquired by the Defendant on May 27, 2003 to the date of the alleged theft, December 27, 2003. Therefore, State Farm seeks a declaration from this Court, pursuant to 28 U.S.C. Section 22.01, that there is no coverage under the policy on the grounds that the alleged stolen vehicle did not fall within the coverage requirement of making only "infrequent trips" to Mexico. The cost of coverage and defending and/or indemnifying Defendant for the claim currently being made would be in a sum in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY'S FEES

State Farm has retained the firm of Roerig, Oliveira & Fisher, L.L.P. to represent it in this action and has agreed to pay the firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to State Farm would be equitable and just and therefore authorized by Section 37.009 of the Texas Civil Practice and Remedies Code.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in the above-styled and numbered cause.

WHEREFORE, PREMISES CONSIDERED, State Farm requests that Defendant Rinehart be cited to appear and answer and that upon final trial, the Court make a finding that the vehicle in question made frequent trips to Mexico and that the Defendant's claim is not within the coverage afforded by State Farm's policy, for costs of court, attorney's fees and such other and further relief to which State Farm may be justly entitled to receive.


Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786
TEL/ (956) 542-5666
FAX/ (956) 542-0016

By: _____
**D. ALAN ERWIN, JR.**
Texas State Bar #06653020
Federal I.D. #20471
ATTORNEY FOR PLAINTIFF